Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 9 C 3078 | **DATE** | 9/8/2010 |
| **CASE TITLE** | Dean Cage vs. City of Chicago et al | | |

**DOCKET ENTRY TEXT**

For the reasons stated, the City's Motion is denied.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Dean Cage ("Cage") sued Defendants the City of Chicago ("the City"), Chicago Police employees Andrew Jones, John Ervin, Cecilia M. Doyle, Pamela Fish, and as-yet unidentified employees of the City (collectively "the Defendants") under 42 U.S.C. § 1983. Specifically, Cage alleges that the Defendants denied him the right to a fair trial in violation of the Due Process Clause. Cage also asserts constitutional claims for false imprisonment, malicious prosecution, failure to intervene, and conspiracy to deprive him of his constitutional rights. Cage further alleges state law claims for malicious prosecution, intentional infliction of emotional distress, civil conspiracy, *respondeat superior*, and indemnification. Finally, Cage seeks recovery against the City under *Monell v. Department of Social Servs.*, 436 U.S. 658 (1976), alleging that municipal customs, policies, and practices caused the alleged constitutional violations. The City moves to dismiss the *Monell* claim for lack of jurisdiction because under the City's proposed "Certification of Entry of Judgment Against Defendant City of Chicago," the City agrees to enter a judgment for compensatory damages if Cage establishes that one of the four individually-named defendants violated his constitutional rights. For the reasons stated below, the City's Motion is denied.

As an attachment to its Motion, the City filed a "Certification of Entry of Judgment Against Defendant City of Chicago" ("Certification"), which states, in part, the following:

> Without admitting plaintiff's *Monell* allegations in his Amended Complaint, the City of Chicago agrees to entry of judgment against the City for compensatory damages, if and only if the finder of fact in this case finds *that named defendants* Jones, Ervin, Doyle, and/or Fish violated plaintiff's constitutional rights as alleged in his Complaint.

(R. 49, City's Mot. to Enter its Certification of Entry of Judgment, Ex. A) (emphasis added). If the Court allows the Certification and dismisses the *Monell* claim for lack of jurisdiction, Cage could collect against

| STATEMENT |
|---|

the City only if he first shows that one of the named defendants is liable for violating his constitutional rights. The Court must determine whether this Certification complies with *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293 (7th Cir. 2010),[1] which defines the interplay between Section 1983 liability for municipalities under *Monell* and individual government actors.

      A plaintiff in a Section 1983 case can sue the individual government actors that allegedly caused the constitutional violation as well as the municipality connected to the violation. *See Thomas*, 604 F.3d at 302-05. A municipality may be liable for damages under Section 1983 if the unconstitutional act is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Id.* at 303. A finding of liability against the individual defendants is not a prerequisite for establishing *Monell* liability against the municipality. In other words, a plaintiff can succeed on a *Monell* claim against a municipality despite failing to prove that a specific individual defendant is liable for violating the plaintiff's constitutional rights so long as the two different results are consistent. *Id.* at 305 ("[A] municipality can be held liable under *Monell*, even when its officers are not, unless such a finding would create an *inconsistent* verdict") (emphasis in original). To determine whether the City's liability depends on that of an individual defendant, a court looks "to the nature of the constitutional violation, the theory of municipal liability, and the defenses set forth." *Id.*

      Here, assuming the evidence supports such a finding, it is possible for a verdict to be returned which holds the City liable for its alleged unconstitutional policies even though Cage is unable to link any individual defendants to the constitutional violation. In such a case, establishing liability against an individual defendant is not required in order to succeed on a *Monell* claim against the municipality. *See, e.g., Bell v. City of Chicago*, 09 C 4537, 2010 WL 432310, at *2 (N.D. Ill. Feb. 3, 2010) (Der-Yeghiayan, J.); *Terry v. Cook County Dept. of Corrections*, 09 C 3093 (N.D. Ill. July 8, 2010) (Dow, J.) (minute order). The Plaintiff's theory of *Monell* liability is that the City had a policy of not providing exculpatory lab evidence to the defense and that evidence that was inconsistent with the prosecution's theory of the case was also not explored. It is early in discovery and too early to determine who was aware of this alleged practice and who may have followed it unwittingly. For example, under this theory, it might be possible that a prosecutor and law enforcement officer continued to press charges not knowing that they were not being provided such exculpatory evidence. In such a circumstance, it might be possible for a jury to find that the officer and prosecutor acted unknowingly while in turn finding that the City's lab policy was unconstitutional. Moreover, some of the individual defendants have asserted a defense of qualified immunity, and if Cage can establish it was the policy of the Chicago Police Department crime lab to withhold exculpatory evidence, a verdict could exist against the municipality but in favor of the individual defendants. *See, e.g., Medina v. City of Chicago*, 100 F. Supp. 2d 893, 896 (N.D. Ill. 2000) (Kennelly, J.). Accordingly, the City's proposed Certification, which allows recovery from the municipality only upon establishing that one of the named defendants violated Cage's constitutional rights, is invalid under *Thomas*.

      The issue of bifurcation under Federal Rule of Civil Procedure 42(b) is not squarely before the Court because neither party raised the issue. Under Rule 42(b), the Court has discretion to decide claims or issues in separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *see Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). When properly raised by the parties, the Court will address bifurcation.

      Finally, the Court notes that Cage would accept the City's Certification if it was not limited to the named defendants. Specifically, Cage agrees to "accept" the Certification if the City "agrees unequivocally to have judgment entered against it should Plaintiff prove a constitutional violation by any City employee, not just the named Defendants." (R. 46, Pl.'s Resp. Br. 10.) Courts have found the certification that Cage proposes to be

| STATEMENT |
|---|
| valid. *See, e.g., Cruz v. City of Chicago*, No. 08 C 2087, 2008 WL 5244616, at *3 (N.D. Ill. Dec. 5, 2008) (Dow, J.); *Grant v. City of Chicago*, No. 04 C 2612, 2006 WL 328265 (N.D. Ill. Feb. 10, 2009) (Lefkow, J.). <br><br> For the reasons stated, the City's Motion is denied. |

1.The Court notes that this *Thomas* opinion supersedes the Seventh Circuit's previous *Thomas* opinion, 588 F.3d 445 (7th Cir. 2009).